IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Keyle Howard and Barbara Bates,**
**individually and on behalf of**
**all others similarly situated,**

        **Plaintiffs,**

v.                                          Case No. 15-9918-JWL

**Centrinex, LLC; Maximus, Inc.;**
**TDB Communications, Inc.; and**
**Health Net, Inc. d/b/a Health Net**
**Veterans, LLC d/b/a Health Net**
**Federal Services, LLC,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiffs, individually and on behalf of others similarly situated, filed this wage and hour suit against defendants, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.  Specifically, plaintiffs, former employees who worked at defendants' call center in Lenexa, Kansas, allege that defendants required its call center employees to perform off-the-clock pre-shift work and off-the-clock post-shift work.  In April 2016, the court conditionally certified a class under § 216(b) of the FLSA for purposes of notifying potential members of the class.  The parties thereafter agreed on the form and substance of the notice, which the court approved.  That notice was sent in early June 2016 and putative class members were required to return consent-to-join forms within 60 days from the date of the postmark on the notice, or by August 2, 2016.

Four putative class members returned their consent forms after the August 2, 2016 deadline—one putative class member returned the form on August 4, 2016 and three putative class members returned their forms on August 17, 2016.  This matter is presently before the court on plaintiffs' motion to permit these four individuals to proceed as members of the collective action despite the late filings.  In support of their motion, plaintiffs assert that permitting the limited late filings in this case will promote efficiency and does not prejudice or burden the defendants in any way.  Defendants oppose the motion on the grounds that plaintiffs have not demonstrated (or even argued) excusable neglect.  The motion is granted.

Defendant correctly states that plaintiffs have not attempted to show excusable neglect for the failure of these four individuals to return their consent to join forms by the August 2, 2016 deadline.  Nonetheless, the court is persuaded that other relevant factors weigh in favor of allowing these late submissions. *See Regan v. City of Charleston*, 2015 WL 1299967, at *2 (D.S.C. Mar. 23, 2015) (permitting the filing of 5 late consent to join forms despite absence of excusable neglect where all were returned within 30 days of deadline); *Helton v. Factor 5, Inc.*, 2014 WL 1725734, at *3 (N.D. Cal. Apr. 29, 2014) (permitting 10 individuals to file late consent to join forms in the absence of excusable neglect); Heaps v. Safelite Solutions, LLC, 2011 WL 6749053, at *2 (S.D. Ohio Dec. 22, 2011) (permitting 21 individuals to file consent forms despite no showing of good cause; forms were received within 2 months of deadline and no prejudice was shown); *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y.2009) (permitting 10 individuals to file late forms despite failure to show good cause; forms were filed within one month of deadline and no prejudice was shown).

2

Most significantly, it is apparent that permitting these filings (all of which were received within 15 days of the deadline) will not prejudice the defendants in any respect. Discovery remains open, no depositions have been taken and the dispositive motion deadline has not yet passed. Permitting these four individuals to join this lawsuit will increase the size of the class by less than 3 percent. *See Benavidez v. Piramides Mayas Inc*., 2013 WL 1627947, at *3 (S.D.N.Y. Apr. 16, 2013) (noting that the defendants would not be prejudiced by allowing consent forms filed three months late where late filers represented only 2.7 percent of the class); *Coronado v. D.N.W. Houston, Inc.*, 2014 WL 6674292, at *3 (S.D. Tex. Nov. 24, 2014) (permitting late filings from 11 individuals where late filers represented a small percentage of overall class). Second, permitting these filings will serve the interests of judicial economy in that these individuals may still be able to institute separate actions against the defendants. Third, the court notes that the Notice itself does not advise putative class members that a late filing will preclude participation in the lawsuit; the Notice cautions only that if the individual fails to return the form by the deadline, he or she "may not be able" to participate in the lawsuit. *Compare Cox v. Appliance Direct Inc*., 2008 WL 4790729, at *1 (M.D. Fla. Oct. 29, 2008) (denying motion to file late consent forms in part because notice unambiguously advised putative class members that failure to return the form by the deadline would preclude participation in lawsuit). Finally, the court notes that permitting the limited number of late filings in this case is consistent with the FLSA's remedial scheme.

For the foregoing reasons, the court grants plaintiffs' motion to permit the filing of consent to join forms by the four individuals identified in the motion.

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion for order to permit late filed claims to proceed (doc. 54) is granted.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
