IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Keyle Howard and Barbara Bates,**
**individually and on behalf of**
**all others similarly situated,**

       **Plaintiffs,**

v.                                                                                                                                                     Case No. 15-9918-JWL

**Centrinex, LLC; Maximus, Inc.;**
**TDB Communications, Inc.; and**
**Health Net, Inc. d/b/a Health Net**
**Veterans, LLC d/b/a Health Net**
**Federal Services, LLC,**

       **Defendants.**

## MEMORANDUM & ORDER

Plaintiffs, individually and on behalf of others similarly situated, filed this wage and hour suit against defendants, alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.  Specifically, plaintiffs, former employees who worked at defendants' call center in Lenexa, Kansas, allege that defendants required its call center employees to perform off-the-clock pre-shift work and off-the-clock post-shift work.  In April 2016, the court, over defendants' objection, conditionally certified a class under § 216(b) of the FLSA for purposes of notifying potential members of the class.  Ultimately, 148 individuals joined the action.

Recently, the parties notified the court that they had reached a settlement in this case.  On November 14, 2016, plaintiffs filed an unopposed motion for settlement approval (doc. 67).

Plaintiffs move the court for approval of the parties' settlement agreement pursuant to the court's duty to ensure that FLSA wage-payment settlements represent a "fair and reasonable" resolution of a bona fide dispute.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  Although the FLSA does not require a fairness hearing like that required for settlements of class actions brought under Federal Rule of Civil Procedure 23, many courts have determined that fairness hearings should be held unless the parties notify the court that the opt-in plaintiffs had notice of the settlement and an opportunity to object.  *See Tommey v. Computer Sciences Corp.*, 2015 WL 1623025, at *1 (D. Kan. Apr. 13, 2015); *Goldsby v. Renosol Seating, LLC,* 2013 WL 6535253, at *10 (S.D. Ala. Dec. 13, 2013).  This court routinely conducts fairness hearings regarding FLSA collective action settlements unless the parties' submissions demonstrate that the opt-ins had notice of the settlement and an opportunity to object.  Plaintiffs here have not requested a fairness hearing, but neither do the submissions reflect that the 148 opt-in plaintiffs received notice of the settlement and an opportunity to object.  Thus, the court anticipates conducting a fairness hearing in December 2016 unless the parties demonstrate to the court that the opt-in plaintiffs have received notice of the settlement and an opportunity to object.  To the extent a fairness hearing is held, the court anticipates further discussion of certain issues not presently addressed in the agreement, such as whether class members have access to the settlement agreement and whether class members have reviewed the release language contained in the agreement or otherwise will be required to separately agree to that language (such as through negotiating a settlement check).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion for settlement approval (doc. 67) is denied without prejudice to refiling.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties must notify this court on or before **December 1, 2016** if they intend to demonstrate that the opt-in plaintiffs have received notice of the settlement and an opportunity to object or if the court should set this matter for a fairness hearing.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge